IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STANLEY SELMAN, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SAMUEL S. OLENS, | : | CIVIL ACTION NO. |
|    Defendant. | : | 1:14-CV-1165-WSD-GGB |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at Central State Prison in Macon, Georgia. Plaintiff, pro se, challenges in this action the constitutionality of Georgia criminal statutes. (Doc. 1.)

On May 9, 2014, I directed Plaintiff to submit within thirty days a supplement to his complaint and either the filing fee or an application to proceed *in forma pauperis*. (Doc. 2.) Plaintiff has filed nothing in response to my Order, and the deadline for doing so has passed. This case thus should be dismissed for Plaintiff's failure to comply with a lawful Order. *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa.

Even if Plaintiff had complied with my Order, his complaint appears barred because success on his claims would demonstrate the invalidity of his conviction for malice murder. "[A] state prisoner's § 1983 action is barred (absent prior

invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Plaintiff asserts in this action a "Constitutional challenge" to Georgia's statute criminalizing malice murder. (Doc. 1 at 1.) Plaintiff suggests that a person cannot be convicted of malice murder if he is not also convicted, or at least indicted, for aggravated assault. (*Id.* at 1-2.) Plaintiff seeks to have Defendant, Georgia's Attorney General, explain "[w]hat constitutes a violent crime of Malice Murder without committing or being charged with the offense of aggravated assault . . . ?" (*Id.* at 2.)

In 1995, Plaintiff was convicted in the Superior Court of Gwinnett County, Georgia of malice murder and possession of a firearm during the commission of a felony. Pet., *Selman v. Sanders*, No. 1:97-cv-2508-JOF (N.D. Ga. Aug. 28, 1997).

2

Plaintiff unsuccessfully challenged his convictions through the state appeals process and under the state and federal habeas statutes. *Id.*; Order, *Selman*, No. 1:97-cv-2508-JOF, ECF No. 10 (denying habeas relief in this Court). His complaint in this case is yet another, albeit indirect, challenge to his malice murder conviction that is barred by *Heck* because the conviction has not been invalidated. *See Heck*, 512 U.S. at 487; *Lawrence v. McCall*, 238 F. App'x 393, 396 (10th Cir. 2007) ("By finding the sentencing procedures used by Oklahoma here unconstitutional, we would invalidate the plaintiffs' prior sentences. *Heck* does not allow us to so act."); *Goodnow v. Cnty. of Roscommon*, No. 2:09-CV-129, 2010 WL 234715, at *1 (W.D. Mich. Jan. 14, 2010) (holding that *Heck* barred state prisoner's declaratory judgment action "challenging the statute on which his conviction is based"); *Johnson v. Louisiana*, No. 08-4274, 2009 WL 960564, at *2 (E.D. La. Apr. 7, 2009) (same where "a judgment in [the plaintiff's] favor finding that the challenged statutes are unconstitutional would necessarily imply the invalidity of his conviction"); *Green v. Cox*, No. 1:08-CV-432, 2008 WL 4136145, at *3 (W.D. Mich. Sept. 3, 2008) (same as to state prisoner's "claim that Michigan's first-degree murder statute is unconstitutionally vague").

Accordingly, I **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** this ___1st___ day of ___July___, 2014.

_____Gerrilyn G. Brill_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE