# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

STANLEY SELMAN,

           Plaintiff,

v.

SAMUEL S. OLENS,

           Defendant.

1:14-cv-1165-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] ("R&R"). The R&R considers Plaintiff Stanley Selman's ("Plaintiff") Complaint [1] ("Complaint"). The Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Magistrate Judge's May 9, 2014, Order [2].

## I. BACKGROUND

Plaintiff is currently incarcerated at Central State Prison in Macon, Georgia, for his 1995 conviction for malice murder and possession of a firearm during the commission of a crime. On April 18, 2014, Plaintiff filed his Complaint, seeking to compel Mr. Samuel S. Olens, the Attorney General of Georgia, to answer whether: 1) "there [can] be an offense of Malice Murder without being indicted for

the offense of Aggravated Assault according to the statute in 1994-1995 for a conviction in the State of Georgia?"; and 2) "[w]hat constitutes a violent crime of Malice Murder without committing or being charged with the offense of aggravated assault – without being indicted by a grand jury?" Plaintiff appears to be challenging his conviction for malice murder based upon his not being indicted for aggravated assault.

When filing his Complaint, Plaintiff did not pay the filing and administrative fee required for civil actions and did not file an application to proceed *in forma pauperis*. On May 9, 2014, the Magistrate Judge entered an Order [2] requiring Plaintiff, within thirty (30) days, to submit:

> (1) either the filing and administrative fee of $400 or an application to proceed IFP, which must include a prison official's certification regarding Plaintiff's inmate financial account, if he is financially unable to pay the fee; and (2) a supplement to his complaint that identifies the crimes for which he was indicted and the crimes for which he was convicted.

(Order at 2-3).

Plaintiff did not comply with the Magistrate Judge's May 9, 2014, Order. On July 2, 2014, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint for failure to comply with the Order. (R&R at 1). Plaintiff did not file any objections to the R&R.

2

## II. DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

As Plaintiff has not objected to the Magistrate Judge's R&R, the Court reviews the Magistrate Judge's findings and recommendations for plain error. See Slay 714 F.2d at 1095. The Magistrate Judge found that Plaintiff failed to comply with the May 9, 2014, Order, and properly recommended that the Court dismiss Plaintiff's Complaint.[1] See LR 41.3(A)(2), NDGa. The Court finds no plain error in Magistrate Judge's findings and recommendation. See Slay, 714 F.2d at 1095.

---

[1] The Magistrate Judge also noted that Plaintiff's claims, if successful, would demonstrate the invalidity of his conviction for malice murder, and are thus barred. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("the district court must

3

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that that Plaintiff's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 24th day of September, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").